# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL ACTION NO. 2:12-CV-028-RLV-DCK

| | |
|---|---|
| **DEANA FAY JUDD,** | ) |
| **Plaintiff,** | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| **CAROLYN W. COLVIN,**[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
| **Defendant.** | ) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 10) and "Commissioner's Motion For Summary Judgment" (Document No. 14). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment In Support Of Her Social Security Appeal" be <u>denied</u>; that "Commissioner's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.    BACKGROUND

Plaintiff Deana Fay Judd ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). It appears that on or about March 6, 2009, Plaintiff filed an application for a period of disability

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et seq*. (Transcript of the Record of Proceedings ("Tr.") 123-124). However, Plaintiff's application has since been treated as one for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq*., alleging an inability to work due to a disabling condition beginning June 5, 2007. (Tr. 21, 74-79); see also, (Document No. 14-1, p.1, n.1). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on July 10, 2009, and again after reconsideration on October 2, 2009. (Tr. 21, 74-75). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. The evidence does not show a condition that would prevent most work-related activities. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 84).

Plaintiff filed a timely written request for a hearing on October 19, 2009. (Tr. 21, 94). On April 14, 2010, Plaintiff appeared and testified at a hearing before Administrative Law Judge Alice Jordan ("ALJ"). (Tr. 21, 36-67). In addition, Mark Leaptrot, a vocational expert ("VE"), and Russell R. Bowling, Plaintiff's attorney, appeared at the hearing. (Tr. 21, 38).

The ALJ issued an unfavorable decision on June 17, 2010, denying Plaintiff's claim. (Tr. 18-27). Plaintiff filed a request for review of the ALJ's decision on June 29, 2010, which was denied by the Appeals Council on May 25, 2012. (Tr. 1-3). The June 17, 2010 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on July 30, 2012. (Document No. 1). "Plaintiff's Motion For Summary Judgment In Support Of Her Social Security Appeal" (Document No. 10) and "Brief Of Plaintiff In Support Of Her Social Security Appeal" (Document No. 11), were filed January 2, 2013; and "Commissioner's Motion For Summary Judgment" (Document No. 14) and "Memorandum In Support Of Motion For Summary Judgment" (Document No. 14-1), were filed March 27, 2013.

This case was reassigned to the Honorable Richard L. Voorhees on June 14, 2013. On July 16, 2013, the undersigned was assigned to this case as the referral magistrate judge. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to Judge Voorhees is now appropriate.

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 5, 2007, and the date of her decision.[2] (Tr. 21). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from March 6, 2009, through the date of her decision, June 17, 2010. (Tr. 26).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fourth step that Plaintiff was capable of performing her past relevant work and was therefore not disabled.

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since June 5, 2007, her alleged disability onset date. (Tr. 23). At the second step, the ALJ found that back and leg pain, bronchitis, headaches and illiterate (20 CFR 416.920(c), were severe impairments. (Tr. 23).[3] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 23).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

> some ability to change positions – does not have to be a sit/stand option; no more than occasional climbing ropes, ladders or scaffolds; no more than frequent on all the other postural limitations; avoid concentrated exposure to fumes, gases, odors, poor ventilation and dust; avoid concentrated exposure to hazards; engage in unskilled work that is fairly simple (1-2 step operations, preferably).

(Tr. 23). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 416.929 and SSRs 96-4p and 96-7p. (Tr. 23-24). I have also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." (Tr. 24). The ALJ further opined that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Id.

At the fourth step, the ALJ found that Plaintiff could perform her past relevant work as a garment inspector and upholstery inspector. (Tr. 25). In addition, based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" the ALJ found that Plaintiff was also "capable of making a successful adjustment to other work that exists in significant numbers in the local and national economy." (Tr. 26). The VE specifically testified that according to the factors given by the ALJ, other occupations claimant could perform included silverware wrapper; inspector of electrical equipment; and box sealer inspector. (Tr. 26, 65-66). Based on the foregoing, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 6, 2009, and the date of her decision, June 17, 2010. (Tr. 26).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to include appropriate limitations of Plaintiff in her RFC determination; (2) the ALJ failed to properly evaluate Plaintiff's credibility; (3) the ALJ failed to make a function-by-function RFC analysis; (4) the ALJ failed to follow the correct procedure when evaluating Plaintiff's mental impairments and failed to address inconsistencies in psychological evaluations; (5) the ALJ failed to consider Plaintiff's alleged obesity; and (6) new and material evidence justifies a remand in this case. (Document No. 11). The undersigned will discuss each of these contentions in turn.

Plaintiff essentially alleges three errors in the ALJ's assessment of Plaintiff's RFC.

A. **Limitations Included In ALJ's RFC Finding**

In her first assignment of error, Plaintiff argues that the ALJ failed to include all of Plaintiff's relevant work-related limitations in her RFC finding. (Document No. 11, pp.10-15) At the hearing, the ALJ found the following:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that claimant should: some ability to change positions – does not have to be a sit/stand option; no more than occasional climbing ropes, ladders or scaffolds; no more than frequent on all the other postural limitations; avoid concentrated exposure to fumes, gases, odors, poor ventilation and dust; avoid concentrated exposure to hazards; engage in unskilled work that is fairly simple (1-2 step operations, preferably).

(Tr. 23). Based on this RFC finding and testimony of the VE expert at the hearing, the ALJ found that Plaintiff was capable of returning to her past relevant work as a garment inspector or an upholstery inspector. (Tr. 25-26). Relying on the VE testimony, the ALJ further found that other work exists in the national economy that the claimant could perform. (Tr. 26).

7

Plaintiff argues that the RFC relied upon by the ALJ fails to include several important limitations in Plaintiff's work ability. (Document No. 11, p. 14). Plaintiff points out that the ALJ assigned weight to the opinion of two state agency psychological examiners, Jerlene Howell, MS and Dr. Nancy Scott, but failed to include limitations described by these examiners in her RFC analysis limitations. (Document No. 11, p. 14). Specifically, these examiners noted physical, cognitive, and psychological limitations not expressly included in the ALJ's RFC findings or analysis. (Document No. 11, p. 14). Furthermore, Plaintiff argues that the ALJ erred in failing to provide a rationale for not including these limitations in her RFC analysis. (Document No. 11, p.14).

Defendant argues that the ALJ's RFC determination was supported by substantial evidence. (Document No. 14-1, p.4-5). Specifically, Defendant asserts that the ALJ considered the opinions of Ms. Howell and Dr. Scott to the extent necessary in her decision. Id. at 5-8. Defendant points out that Dr. Scott's examination and report occurred eight months before Plaintiff's alleged onset date of June 5, 2007. Id. at 7. As such, Defendant argues that this medical evidence is only of limited relevance, making the ALJ's evaluation proper. Id. at 7-8.

Furthermore, Defendant maintains that the ALJ properly evaluated Ms. Howell's opinion, as evidenced by parts of her decision. Id. at 8-10. Specifically, Defendant argues that "while [the ALJ] may not have repeated every one of Ms. Howell's specific findings *verbatim*, plaintiff cites no authority requiring the ALJ to do so." Id. at 9. Defendant also suggests that some of the limitations cited by Plaintiff are simply not indicated in Ms. Howell's opinion. Id. at 9-10. For instance, Ms. Howell found that Plaintiff would have problems coping with the demands inherent only in "some," but not all work situations. Id. at 9. Accordingly, Defendant argues Ms. Howell's opinion should not be expanded more broadly. Id. at 9-10.

8

As noted above, the undersigned is limited to a determination of whether substantial evidence exists to support the ALJ's decision. See e.g. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." Id. Accordingly, in determining the adequacy of an RFC analysis, the undersigned will look to the ALJ's decision to determine if substantial evidence supported the ALJ's RFC finding.

In this case, the undersigned is of the belief that the ALJ's RFC finding is supported by substantial evidence, in light of the opinions of Ms. Howell and Dr. Scott cited by Plaintiff. Throughout her decision, the ALJ cites several medical opinions supporting her RFC determination. (Tr. 24-25). For instance, the ALJ cites the opinion of Dr. Timothy Johnson, who in 2009 recorded objective findings indicating that Plaintiff was not disabled, including no musculoskeletal or neurological abnormalities. (Tr. 331-333). In addition, the ALJ cites Ms. Howell's findings that the Plaintiff displayed "no deficiencies in pace, concentration and attention in MSE/Testing." (Tr. 25).

The undersigned is not persuaded that the ALJ's alleged failure to consider Dr. Scott's opinion amounts to error in this case. Dr. Scott opined that Plaintiff would have difficulty with written instructions, and performing tasks requiring writing; would require reminders to stay on task; would likely have difficulty relating to supervisors; and may have problems adapting to the demands of a forty-hour work setting. (Tr. 278). However, Defendant correctly points out that the opinion resulted from an examination occurring around eight months before Plaintiff's alleged onset date of June 5, 2007. (Document No. 14-1, pp. 7-8). Medical opinions predating the onset of the alleged disability are afforded less weight in an RFC analysis. See Gullace v.

Astrue, 2012 WL 691554 (E.D.Va. Feb. 13, 2012) (citing Carmickle v. Comm'r of Soc. Sec., 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance")). Furthermore, the ALJ cites the opinion of several other medical professionals who actually conducted examinations during the alleged disability period. (Tr. 24-25). The ALJ appropriately afforded these opinions more weight, and the undersigned does not believe that the ALJ's failure to rely on Dr. Scott's opinion amounts to error.

The undersigned also finds that the ALJ adequately considered the opinion of Ms. Howell in her RFC determination. The ALJ clearly considered the opinion of Ms. Howell in her decision. (Tr. 25). For instance, the ALJ pointed out that Ms. Howell's opinion conflicted with earlier medical observations regarding the Plaintiff. Id. In addition, the undersigned is not convinced that Ms. Howell's opinion amounts to evidence which would contradict the ALJ's RFC finding. Ms. Howell observed that Plaintiff could have problems coping with the demands and stress inherent in "some" work, and that Plaintiff "may" have difficulty keeping up in a fast paced environment. (Tr. 347). These opinions alone do not amount to evidence warranting a remand when considered along with the totality of the record. Accordingly, the undersigned finds that Ms. Howell's opinion was adequately considered and that adequate evidence supports the ALJ's RFC finding.

## B. Credibility

Next, Plaintiff asserts that the ALJ failed to apply proper legal standards in evaluating Plaintiff's credibility. (Document No. 11, p. 15). Plaintiff alleges that the ALJ failed to make findings as to what symptoms are accepted and to what extent. Id. at 15. Plaintiff also argues that the ALJ failed to identify the evidence upon which she relied in her analysis and that the ALJ's analysis violates SSR 96-7p by containing only conclusory findings. Id. Plaintiff,

however, fails to provide any specific information as to the subjective symptoms which should have been accepted by the ALJ. Id.

Defendant asserts that the ALJ's decision is not conclusory and that the decision in fact relies on a significant amount of medical evidence from the record. (Document No. 14-1, pp.10-11). Defendant points out that the ALJ expressly discussed medical opinions regarding Plaintiff's subjective claims throughout her decision. Id. Defendant also adds that although the psychological state reviewing experts found no mental restrictions for Plaintiff, the ALJ provided Plaintiff a more favorable RFC determination by crediting some of Plaintiff's subjective claims. Id.

The undersigned finds that the ALJ's finding as to Plaintiff's subjective credibility is supported by substantial evidence. The law is clear that in determining a plaintiff's subjective claims of pain or other symptoms, an ALJ "will consider all of the available evidence, including your medical history, the medical signs and laboratory findings and statements about how your symptoms affect you." 20 C.F.R. § 416.929(a). In the instant case, the ALJ's decision cites objective evidence which refutes Plaintiff's subjective claims. (Tr. 24-25). For instance, the ALJ points to Dr. Johnston's evaluation of Plaintiff where Dr. Johnston found much of Plaintiff's physical functionality within a normal range. Id.

Plaintiff fails to meet even a minimal burden of persuasion on this issue by failing to cite any specific subjective claims which should have been credited by the ALJ. (Document No. 11, p.15). Moreover, the ALJ specifically noted that "whenever statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, I must make a finding on the credibility of the statements based on

11

consideration of the entire case record." (Tr. 24). Accordingly, the undersigned finds substantial evidence to support the ALJ's findings regarding Plaintiff's credibility.

C.  **Function-By-Function RFC Analysis**

Plaintiff alleges that the ALJ failed to make a function-by-function assessment in completing the RFC analysis, as required by SSR 96-8p. (Document No. 11, p.15). Specifically, Plaintiff asserts that the ALJ is required to describe Plaintiff's "maximum ability as to each work-related ability before classifying her into one of the exertional categories, and to describe how the evidence supports each conclusion, citing specific medical facts." Id. at 15-16. Plaintiff argues that the ALJ failed to do so in this case. Id.

Defendant argues that the ALJ's failure to perform a function-by-function analysis of Plaintiff's RFC does not affect her overall disability determination. (Document No. 14-1, p.11). Defendant cites law indicating that the ALJ's failure to perform a function-by-function analysis is harmless error where the ALJ's overall disability determination is substantially supported by the record. Id. (citing Lusk v. Astrue, No. 1:11–cv–00196–MR, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013); Cowan v. Astrue, No. 1:11cv007-MR, 2012 WL 1032683, at *7 (W.D.N.C. Mar. 27, 2012)). Defendant argues that here the ALJ's decision is substantially supported by the evidence in the record, and notes that the ALJ found Plaintiff to be functionally more limited than two state agency physicians. Id. See also (Tr. 336-343, 367)

Pursuant to SSR 96-8p, an ALJ must consider a plaintiff's ability to work on a "function by-function basis" in an RFC assessment. SSR 96-8p. Such an analysis includes the effect of the plaintiff's physical and mental condition on the plaintiff's ability to perform work related activities. 20 C.F.R. § 404.154; SSR 96-8p. After such a function-by-function analysis is completed, the ALJ can then express the RFC in terms of exertional level of work. SSR 96-8p.

"An ALJ's failure to articulate the required function-by-function analysis can be harmless error, however, where the ALJ's 'ultimate finding is supported by substantial evidence in the record.'" Lusk v. Astrue, 2013 WL 498797, at *4 (W.D.N.C. Feb. 11, 2013) (quoting Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000)).

In this case, the undersigned finds that the ALJ's failure to expressly articulate the function-by-function analysis amounts to harmless error. As discussed at greater depth in the previous sections, substantial evidence in the decision supports the ALJ's RFC determination, including several medical opinions. In addition, as Defendant points out, the ALJ limited Plaintiff to light work and "[l]ight work involves lifting and carrying up to twenty pounds frequently and ten pounds occasionally, and standing and walking, off and on, for about six hours in an eight-hour workday, and sitting intermittently during the remainder of the workday. (Document No. 14-1, p.11) (citing 20 C.F.R. § 416.967(b); SSR 83-10). As also noted by Defendant, Plaintiff does not point to any evidence that she cannot perform such activities. Id. Accordingly, the ALJ's failure to perform a function-by-function analysis amounts to harmless error.

### D. Mental Impairments

Plaintiff also alleges that the ALJ failed to apply the "special technique" when evaluating Plaintiff's mental impairments. (Document No. 11, pp.16-19). Specifically, Plaintiff alleges that the ALJ erred by failing to consider the impact of Plaintiff's mental impairment on four factors prescribed by the regulations. Id. at 16-17. In addition, Plaintiff alleges that the ALJ ignored or omitted severe mental limitations found in psychological evaluations and that the ALJ failed to explain why she gave weight to one state-agency opinion stating that Plaintiff has no severe mental impairments. Id. at 17-18.

Defendant concedes that the ALJ did not expressly evaluate Plaintiff's mental impairments under the four broad functional areas as set forth in 20 CFR 416.920(a)(c)(3), but argues that such a failure does not affect the ALJ's overall disability determination. (Document No. 14-1, p.7, n3). Defendant argues that the only evidence in the record relevant to these four prescribed areas does not substantially support a finding of a lesser RFC by the ALJ. Id. Defendant further argues that the ALJ's mental RFC is substantially supported by the record, including the opinions of Drs. Coleman and Albertson, and that Plaintiff has failed to identify any specific evidence suggesting her RFC is more limited. Id. Thus, Defendant concludes that the ALJ's failure to expressly discuss the functional areas is, at most, harmless. Id. (citing Shinseki v. Sanders, 556 U.S. 396, 409 (2009)).

The undersigned observes that the ALJ specifically cited the Howell/Zeisz opinion, noting that Plaintiff "demonstrated the ability to understand and follow simple instructions and displayed no deficiencies in pace, concentration and attention in MSE/Testing which is contradictory to early observations about these based on claimant's history. The functional conclusion found the claimant capable of understanding, retaining and performing simple instructions." (Tr. 25) (citing Tr. 344-347). This opinion further noted that Plaintiff had never been diagnosed with anxiety or depression, and had never been treated for psychological problems. (Tr. 347).

Based on the foregoing, the undersigned is not convinced that the ALJ's evaluation of Plaintiff's mental impairments requires remand.

E. **Obesity**

Next, Plaintiff argues that the ALJ erred in failing to consider Plaintiff's obesity. (Document No. 11, pp.19-20). Plaintiff asserts that the ALJ failed to recognize Plaintiff's

obesity as a severe impairment or to consider her obesity in the overall RFC analysis, when in fact Plaintiff was previously diagnosed as morbidly obese. Id. Plaintiff claims that the ALJ's failure to recognize Plaintiff's obesity in any part of the analysis constitutes harmful error. Id.

Defendant argues that Plaintiff fails to point to any evidence in the record suggesting that her obesity affected her RFC or ability to perform work-related activities. (Document No. 14-1, pp.12-13). Defendant asserts that Plaintiff did not make any allegations during the ALJ hearing that her weight affected her ability to work, nor did she allege such facts in her original disability application. Id. at 13. Defendant contends that the burden was on Plaintiff to show how obesity affects her ability to work, and that she failed to mention it. Id. at 12 (citing McKinney v. Astrue, No. 1:11cv199-DLH-MR, 2012 WL 6931344, at *3 (W.D.N.C. Dec. 11, 212) adopted by 2012 WL 300822.

In McKinney, as in this case, the ALJ inquired at the hearing as to Plaintiff's height and weight. (Tr. 39-40); 2012 WL 6931344, at *3. Also as in McKinney, this Plaintiff has failed to explain "how her obesity would have impacted the ALJ's five-step analysis or how it would further limit or impair Plaintiff's ability to work." 2012 WL 6931344, at *3.

Based on the foregoing, Defendant concludes that "any error the ALJ may have committed in failing to expressly consider [P]laintiff's obesity is, at best, harmless." Id. at 13. The undersigned agrees.

**F.     New and Material Evidence**

Plaintiff contends that she is entitled to remand based on new and material evidence she submitted to the Appeals Council as part of her request for review. (Document No. 11, p. 20-22). Plaintiff argues that this new evidence satisfies the requirements for the remand of a case based on new evidence. Id. at 21-22. Essentially, Plaintiff argues that the new evidence is

relevant to the period under review, material to Plaintiff's case, and that good cause exists for the evidence being originally omitted. Id.

This new evidence was reviewed by the Appeal Council which opined as follows:

> We also looked at the new evidence you submitted, dated January through March 2011. The Administrative Law Judge decided your case through June 17, 2010. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before June 17, 2010.

(Tr. 2).

Defendant argues that the new evidence is irrelevant and immaterial because the consultative exam evidence does not relate back to a period prior to the date of the ALJ's decision. (Document No. 14-1, pp.13-14). Specifically, Defendant points out that the consultative exams at issue are dated seven months after the ALJ decided Plaintiff's claim on June 17, 2010. Id. at 14. Additionally, Defendant argues that Plaintiff points to no information in these reports which would result in a more restrictive RFC finding than that assigned by the ALJ. Id.

The undersigned observes that even if the new evidence was considered, it indicates that Plaintiff's "overall condition appears to be better than it was previously." (Document No. 11-4, p.6). "She stated that she is able to do fairly independently a number of activities that she reported having difficulty with previously such as when she lived in Kentucky and was evaluated then by Dr. Scott." Id. Dr. Hamby further noted that Plaintiff: "denied having any current mental difficulties that were significant"; mental status examination results were generally unremarkable except the claimant being exceptionally upbeat in her mood"; "memory appears adequate"; and her "range of daily activities is fairly broad." Id. Dr. Hamby also noted that Plaintiff could "understand, remember and follow simple instructions," could "complete simple

tasks," and she "would be able to tolerate the stress and pressures associated with normal work activity." Id.

Plaintiff testified on April 14, 2010 that she was 5'4' and weighed 200 pounds; however, the new evidence shows that as of October 2012 Plaintiff was 5'3" and weighed 165 pounds. (Document No. 11-5, p.2). Dr. Johnson diagnosed Plaintiff as having chronic back pain and being illiterate, which is consistent with the ALJ's finding regarding severe impairments. (Document No. 11-5,p.3); (Tr. 23). In addition, Dr. Johnson diagnosed chronic cholelithiasis (gallstones), and moderate COPD in the new evidence and concluded that Plaintiff was "chronically and severely disabled." Id.

Based on the foregoing, the undersigned is not persuaded that the Appeals Council erred in its conclusion that this information would not have changed the ALJ's June 17, 2010 decision. Moreover, the undersigned in not persuaded that this additional evidence satisfies the prerequisites identified by Plaintiff for a remand. (Document No. 11, p.21).

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment In Support Of Her Social Security Appeal"

(Document No. 10) be **DENIED**; "Commissioner's Motion For Summary Judgment" (Document No. 14) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: November 26, 2013

David C. Keesler
United States Magistrate Judge