IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
CIVIL ACTION NO. 2:12-CV-028

| | |
|---|---|
| DEANA FAY JUDD, | ) |
| **Plaintiffs,** | ) |
| v. | ) **ORDER** |
| CAROLYN W. COLVIN, | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on the parties' cross motions for summary judgment. (Docs. 10, 14).

Pursuant to U.S.C. § 636(b)(1)(B), United State Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the aforesaid motions. In a Memorandum and Recommendation ("M & R") filed November 26, 2013, the Magistrate Judge opined that Plaintiff Judd's Motion for summary judgment be *denied*; that Defendant's motion for summary judgment be *granted*; and the Commissioner's decision be *affirmed*. (Doc. 15).

Plaintiff filed an objection to the M & R on December 13, 2013. (Doc. 16). Defendant has not replied.

**I.  STANDARD OF REVIEW**

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis,* 718 F.2d 198, 200 (4th Cir.1983); *Keeler v. Pea,* 782 F.Supp. 42, 43 (D.S.C. 1992). The statute does not require *de novo* review when an objecting party makes only general or conclusory objections that do not direct

1

the court to the specific error in the magistrate judge's recommendations. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315–16 (4th Cir.2005); *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir.1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Camby,* 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M & R as well as a *de novo* review of the matters specifically raised in the Plaintiff's Objections.

## II.     Objections to the Memorandum and Recommendation

Plaintiff specifically objects to the M & R on the basis that the Magistrate Judge stated that he was "not persuaded by the ALJ's alleged failure to consider Dr. Scott's opinion amounts to error in this case." (Doc. 16) (quoting M & R, Doc. 15, at 9). Plaintiff then states "there is insufficient legal analysis to support the ALJ's RFC determination. The Defendant is not entitled to rely on *post hoc* rationalization to support critical findings that the ALJ did not make." (Doc. 16, at 2). The crux of Plaintiff's objection relates to her opinion that "the ALJ failed to properly explain her reasoning." (Doc. 16, at 2). Plaintiff cites *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013) for the proposition that "the ALJ's failure to adequately explain [her] reasoning precludes the Court from undertaking a 'meaningful review.'" Plaintiff then states "[b]riefly, the ALJ erred in failing to provide a rationale for not including all of Plaintiff's physical, cognitive, and psychological limitations in her RFC analysis." (Doc. 16, at 2).

**III.     BACKGROUND OF LAW**

The Social Security Administration (SSA) has established a five-step evaluation process, which proceeds sequentially, for determining whether an individual is disabled.[1]  20 C.F.R. §§ 404.1520(a) and 416.920(a).  If it is determined that a claimant is or is not disabled at one step, the SSA or Administrative Law Judge (ALJ) will issue a decision without proceeding to the next step in the evaluation.  A claimant's residual functional capacity (RFC) is determined after step three has been completed, but before step four is begun, in order to determine what level of physical and mental exertion the claimant can perform at work.  20 C.F.R. § 404.1545(a) and § 416.945(a).  The ALJ determines the RFC by assessing claimant's ability to do physical and mental activities on a sustained basis, despite limitations from identified impairments and claimed symptoms that are reasonably consistent with objective medical evidence and supported by other evidence.  20 C.F.R. §§ 404.1529, 404.1545, 416.929, and 416.945.

With regards to medical opinions, SSR 96-8p provides that "[t]he RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."  "In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."  20 C.F.R. § 404.1527(b).  "Regardless of its source, we will evaluate every medical opinion we receive."  20 C.F.R. §

---

[1] 20 C.F.R. §§ 404.1520 and 416.920 articulate the five-step evaluation process: (1) if the claimant is performing substantial gainful activity, the SSA will automatically find that claimant is not disabled at the first step; (2) if the claimant does not have a medically determinable physical or mental impairment, or combination of impairments, that is severe and meets the duration requirement, the SSA will automatically find that claimant is not disabled at the second step; (3) if the severity and nature of claimant's impairment equals one of those listed in 20 CFR 404, Subpart P, App. 1, the SSA will automatically find that claimant is disabled at the third step, or the evaluation will proceed to assess claimant's residual functional capacity; (4) considering claimant's residual functional capacity, if claimant can perform past relevant work, the SSA will automatically find that claimant is not disabled at the fourth step; (5) considering claimant's residual functional capacity, age, education and work experience, if claimant can adjust to perform other work, the SSA will find that claimant is not disabled at the fifth step, or, if claimant cannot adjust to perform other work, the SSA must find that claimant is disabled.

404.1527(c). "If any of the evidence in your case record, including any medical opinion(s), is inconsistent, we will weigh the relevant evidence and see whether we can determine whether you are disabled based on the evidence we have." 20 C.F.R. § 404.1520(b).

"The adjudicator must . . . explain how any material inconsistencies or ambiguities in the evidence in the case record were resolved" in making the RFC assessment. SSR 96-8p. "Ultimately, it is the duty of the administrative law judge reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "A necessary predicate to engaging substantial evidence review is a record of the basis for the ALJ's ruling." *Radford*, 734 F.3d at 296. "The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Id.* "If the reviewing court has no way of evaluating the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

## IV. ANALYSIS

The ALJ found that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that the claimant should: [sic] some ability to change positions – does not have to be a sit/stand option; no more than occasional climbing ropes, ladders or scaffolds; no more than frequent on all the other postural limitations; avoid concentrated exposure to fumes, gases, odors, poor ventilation and dust; avoid concentrated exposure to hazards; engage in unskilled work that is fairly simple (1-2 step operations, preferably).

(Doc. 6-3, at 24).

The ALJ stated she made the RFC assessment "[a]fter careful consideration of the entire record." (Doc. 6-3, at 24). The ALJ stated that she had

> considered all symptoms to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on

4

> the requirements of 20 CFR 416.929 and SSRS 96-4p and 96-7p. I have also considered opinion evidence in accordance with the requirements of 20 CFR 416.927 and SSRS 96-2p, 96-5p, 96-6p and 06-3p.

(Doc. 6-3, at 25).

In its decision, the ALJ cites the opinions of Dr. Timothy Johnston, Dr. Jerelene Howell, and two psychological assessments made by State agency medical consultants. (Doc. 6-3, 25-26). Plaintiff's objection seeks remand on the basis that the ALJ did not address the opinion of Dr. Scott (Doc. 16).

Dr. Scott[2] opined that Plaintiff has difficulty dealing with written instructions; performing tasks requiring writing; would require reminders to keep her on task; is sensitive to perceived criticism; and would have difficulty adapting to the demands of a forty-hour work week. (Doc. 6-8, at 26).

Dr. Howell opined that "[c]onsidering her physical and cognitive challenges, it would be difficult for Ms. Judd to cope with the demands and stresses inherent in some work situations. She would likely have difficulties working in an environment that requires problem solving and decision making. Considering, he[r] psychomotor speed, she may also have difficulty keeping up in a fast paced work environment." (Doc. 6-8, at 95).[3] She also stated "[t]here appeared to be no deficiencies in pace, concentration, and attention during the assessment." (*Id.*).

---

[2] Dr. Scott's opinion resulted from an examination occurring on September 26, 2006 (Doc. 6-8, at 15), which is around eight months before Plaintiff's alleged onset date of June 5, 2007. Dr. Scott's opinion may be of only limited relevance because it precedes the onset date. *Gullace v. Astrue*, 2012 WL 691554 (E.D. Va. Feb. 13, 2012) (citing *Carmickle v. Comm'r of Soc. Sec.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance."). This Court believes that the ALJ may have referred to Dr. Scott's examination when stating that Dr.'s Howell's conclusions were "contradictory to early observations . . . based upon the claimant's history." (Doc. 6-3, at 26). The ALJ summarized Howell's findings in the following manner: "the claimant demonstrated the ability to understand and follow simple instructions and displayed no deficiencies in pace, concentration and attention in MSE/Testing." (Doc. 6-3, at 26). Therefore, Howell's findings contradicted, at least in part, Dr. Scott's opinions. However, this Court reads *Radford* as requiring the ALJ, not reviewing courts, to state the basis for the decision. Deciding to reject Dr. Scott's opinion *in toto* because of its limited relevance is a decision for the ALJ to make, not this Court.

[3] The Court notes that at the hearing, the ALJ stated "I don't [sic] we've got any problems that have been alleged regarding social or psychological issues." (Doc. 6-3, at 65). This is directly contrary to Dr. Scott's opinion that "[t]he claimant's depression and anxiety are significant. Supervisors and coworkers may be challenged to remain

5

The ALJ only generally cited to the opinions by the state agency consultants[4], and then stated "[t]o the extent these assessments are consistent with the residual functional capacity as determined herein, they are assigned weight." (Doc. 6-3, at 26).[5] The applicable statutes and regulations require not only a determination of what is credible, but also *why* the ALJ found it credible. As in *Radford*, "[t]he ALJ cited the state medical opinions in support of h[er] conclusion, but that is not enough to constitute 'substantial evidence.' Even if the ALJ's . . . citation to those opinions indicates the (apparently very high) evidentiary weight he placed on them, it does not indicate *why* the opinions merit that weight." 734 F.3d at 295.

The Court recognizes the ALJ did "assign[] more limitations to the residual functional capacity" than the state consultants assessed. (Doc. 6-3, at 26). Specifically, the ALJ assigned the following limitation – "engage in unskilled work that is fairly simple (1-2 step operations, preferably)." (Doc. 6-3, at 24). However, the ALJ did not absolutely (nor was he required to) adopt the limitations that Dr. Scott found Ms. Judd had. As such, the ALJ was required to provide a basis for his reasoning for doing so. Here, "the ALJ's failure to adequately explain his reasoning precludes this Court . . . from undertaking a 'meaningful review' of [the ALJ's RFC finding]." *Radford*, 734 F.3d at 296. It is not the province of this Court to weigh Dr. Scott's testimony in the first instance. *Id*.

---

positive around her.. [sic]. She is very anxious and sensitive to perceived criticism by others and is likely to withdraw, be absent at an unacceptable rate." (Doc. 6-3, at 26). Dr. Scott also opined that Ms. Judd "has significant cognitive challenges and is very anxious, has difficulty with anger control." (*Id*.).

[4] The ALJ's treatment of the State agency medical opinions is as follows:
> Two psychological assessments were completed by State agency medical consultants. (Exhibits 19F and 22F). To the extent these assessments are consistent with the residual functional capacity as determined herein, they are assigned weight. Also, one physical residual functional capacity assessment was completed by a State agency consultant. (Exhibit 17F). To the extent this assessment is consistent with the residual functional capacity as determined herein, it is afforded weight.

(Doc. 6-3, at 26).

[5] This verbal construction is of little use to a reviewing court as it leaves unanswered the question it raises – to what extent are these assessments consistent and how.

## V. CONCLUSION

**IT IS, THEREFORE, ORDERED** that

(1) The final decision of the Commissioner denying Plaintiff's Disability Insurance Benefits and Supplemental Security Income benefits is reversed and remanded pursuant to sentence four of § 405(g) to

   a. To develop the record in accordance with the opinion above;

   b. To perform a Function-By-Function analysis in accordance with SSR 96-8 and regulations;

   c. Evaluate Plaintiff's alleged mental impairments under the four broad functional areas as required by SSR 96-8p and regulations; and

   d. Evaluate Plaintiff's alleged obesity when making the RFC determination.[6]

(2) The Memorandum and Recommendation (Doc. 15) not be adopted;

(3) Plaintiffs Motion for Summary Judgment (Doc. 10) seeking remand is **GRANTED**; however, inasmuch as Plaintiff's Motion for Summary Judgment seeks this Court to direct the Commissioner to award benefits it is **DENIED**; and

(4) Defendant's Motion for Summary Judgment (Doc. 14) is **DENIED**.

Signed: October 23, 2014

Richard L. Voorhees
United States District Judge

---

[6] The Court recognizes that Magistrate Judge Keesler found any errors in association with (2), (3), and (4) to be harmless. However, in light of the remand, this Court will require full development of the record.

7